UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re | ) ) ) | |
| G.B.S. HOLDING, LTD. | ) ) | Case No. 11-33708-DOT |
| Debtor. | ) ) ) | |

| | | |
|---|---|---|
| In re | ) ) ) | |
| ROSELAND VILLAGE, LLC, | ) ) | Case No. 11-30223-KRH |
| Debtor. | ) ) ) | |

**APPLICATION FOR ENTRY OF ORDER
FOR JOINT ADMINISTRATION OF CASES**

G.B.S. Holding, Ltd. ("GBS") and Roseland Village, LLC ("Roseland;" jointly with GBS, the "Debtors"), by counsel, pursuant to Rule 1015 FRBP, hereby request that the Court enter an Order for joint administration of their cases. In support of their application, the Debtors respectfully represent:

---

**Bruce E. Arkema (VSB No. 18625)**
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Facsimile: (804) 775-6911

       **Counsel for the Debtors**

1. Roseland filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on January 13, 2011 and continues to manage its affairs and is in possession of his properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. GBS filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on June 3, 2011 and continues to manage its affairs and is in possession of its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Roseland is a Virginia limited liability company that is 50% owned by GBS. As a result, they are affiliates.

4. Roseland and GBS are engaged in identical businesses. Roseland's sole asset is a 343-acre, mixed-use parcel of real property located in the Roseland Development, which is part of an overall approved plan of development in Chesterfield County, Virginia. GBS is the owner of the majority of the remaining acreage in the Roseland Development, and its land is adjacent to the land owned by Roseland.

5. Both Roseland and GBS intend to develop the Roseland Development and install roads, water, sewer and other site improvements that benefit the entire Roseland Development.

6. Most of the real estate owned by Roseland was acquired from the Sallé Family. The purchase price was "financed" by giving Theresa Sallé a 50% interest in Roseland.

7. Roseland has two members: GBS and Theresa Sallé. Ms Sallé's interest in Roseland will automatically be terminated when Roseland and/or GBS pays Ms. Sallé a specified sum, which was negotiated at the time the land was purchased.

8. Roseland is a creditor of GBS, because some of the expenses associated with developing the Roseland plans and obtaining the Roseland Development approvals were paid for by its member, GBS. The amount owed by Roseland to GBS is approximately $1,128,430.11. However, once GBS pays Theresa Sallé the amounts owed to her, then her interest in Roseland will be terminated, and for all practical purposes, GBS, as the sole member of Roseland, will owe itself the $1,128,430.11.

9. In the Application to employ DurretteCrump PLC as counsel for GBS, it was disclosed that Roseland was owned, in part, by GBS and that DurretteCrump PLC represents Roseland in its bankruptcy case. The fact that Roseland is a creditor of GBS was disclosed in the Supplemental Disclosure filed after the initial Application in the GBS case.

10. The Debtors and Counsel for the Debtors do not believe that there is a conflict of interest or other impediment in representing both GBS and Roseland and that such representation is actually beneficial to the Debtors and their creditors for the following reasons:

    a. Both Roseland and GBS will necessarily have to coordinate the development of their land in the Roseland Development, and having one law firm will assist in that effort;

    b. The Plan of Reorganization for both cases will most likely involve development of lots and parcels on land owned by GBS and Roseland. In other words, there will no doubt be overlap in the development;

    c. GBS is the guarantor of the Roseland secured claims;

    d. The administrative costs will be substantially reduced if one counsel were to prepare the Plan and Disclosure Statement for both entities;

e. If this Application were granted, then one appearance by counsel for both entities would be required at all court hearings, which would substantially reduce administrative costs in the case; and

f. As stated above, once Theresa Sallé is paid the sum specified in the Operating Agreement as the land is developed, her interest will be terminated, and GBS will be the sole owner of Roseland.

**AUTHORITY FOR REQUESTED RELIEF**

11. Rule 1015 of the Federal Rules of Bankruptcy Procedure authorizes the Court to jointly administer cases involving either the same debtor or related debtors.

12. There is ample authority for jointly administering two cases under FRBP 1015(b). It has been observed that usually such motions would be granted as to two cases that were filed reasonably contemporaneously with each other, to permit such significant administrative events as the meetings of creditors and confirmation or discharge hearings, if deemed necessary, to proceed in lock-step. *In re Luff*, 176 B.R. 377, 383 (Bkrtcy.E.D.Pa.1995) (citations omitted). The Roseland and GBS cases were filed reasonably contemporaneously with each other, and as stated above, judicial economy would be served by jointly administering the cases.

**NOTICE**

13. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) all creditors of both cases and (iii) all parties requesting service of pleadings in either of the cases. Debtors submit that, under the circumstances, no other or further notice of this motion is required.

## WAIVER OF MEMORANDUM OF LAW

14.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this motion and all applicable authority is set forth in this motion, the Debtors requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

15.     No previous motion for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors, G.B.S. Holding, Ltd. and Roseland Village, LLC, respectfully request that the Court enter an Order directing the joint administration of these two cases and that grants such other and further relief as the Court may be inclined to grant the Debtors.

DATED: July 15, 2011                           G.B.S. HOLDING, LTD.
                                                and
                                                ROSELAND VILLAGE, LLC


                                                By _____/s/ Bruce E. Arkema_____
                                                    Counsel

Bruce E. Arkema (VSB No. 18625)
DurretteCrump PLC
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911
barkema@durrettecrump.com
         Counsel for the Debtors

## **CERTIFICATE**

I hereby certify that on July 15, 2011, a copy of the foregoing Application was served via First-Class Mail or electronic means on (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) all creditors of both cases and (iii) all parties requesting service of pleadings in either of the cases.

                                                                                                                                   /s/ Bruce E. Arkema_____